## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEE MONBO | * | Case: 1:24-cv-01872 JURY DEMAND |
| *Plaintiff* | | Assigned To : Mehta, Amit P. |
| | * | Assign. Date : 6/18/2024 |
| | * | Description: Pro Se Gen. Civ. (F-DECK) |
| v. | | |
| SMALL BUSINESS ADMINISTRATION; | * | **APA COMPLAINT FOR RELIEF** |
| ISABEL CASILLAS GUZMAN (in her | | |
| official capacity as Administrator of the Small | * | |
| Business Administration); and CARLA (in her | | |
| official capacity as an Employee of the Small | * | |
| Business Administration's Hardship | | |
| Accommodation Plan program) | * | |
| *Defendants* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ADMINISTRATIVE PROCEDURE ACT COMPLAINT

NOW COMES Plaintiff, Dee Monbo ("Plaintiff") and files this Administrative Procedure Act (APA) Complaint seeking a review of the Small Business Administration's (SBA) failure to process the Plaintiff's Hardship Accommodation Renewal Request within a reasonable time under the law and alleges the following for the Complaint:

### OVERVIEW

1. Plaintiff is an approved Enrollee of the COVID-19 Economic Injury Disaster Loan (EIDL) Hardship Accommodation Plan program.

2. While Defendants have approved the Hardship Accommodation Plan (HAP) Enrollment Request submitted by Plaintiff, Defendants unreasonably delays in processing Plaintiff's HAP **Renewal** Request while Plaintiff is experiencing severe short-term financial difficulties, have left Plaintiff without recourse to obtain COVID-19 loan relief.

**RECEIVED**

JUN 18 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

3.     Until the Plaintiff's HAP Renewal Request is processed, the Plaintiff will remain suffering undue financial hardship and financial burden.

4.     Normally, business owners have to wait 5 to 7 business days for the Small Business Administration (SBA) to process HAP Renewal Requests.

5.     Plaintiff's HAP Renewal Request has been pending at the Defendants' HAP unit for five (5) months. (i.e. **since January 2, 2024)**

6.     Defendants have not acted with due regard for the convenience and necessity of Plaintiff as the Administrative Procedure Act ("APA") requires.  Plaintiff seeks relief pursuant to the APA to end this harmful and unreasonable delay.

## PARTIES

7.     Plaintiff DEE MONBO and her business are Enrollees in the HAP program. Plaintiff is suffering financial hardship due to the SBA's unreasonable delay in processing Plaintiff's HAP Renewal Request.  Specifically, Plaintiff remains unable to make future business decisions without knowledge that the SBA has processed Plaintiff's HAP Renewal Request.  The Plaintiff suffers from lost economic opportunities due to the extended delay by the SBA.  Plaintiff filed a HAP Renewal Request for a hardship accommodation renewal.  The SBA received the HAP Renewal Request for Plaintiff.  But the SBA has failed to process the Plaintiff's HAP Renewal Request.

8.     Defendant SMALL BUSINESS ADMINISTRATION ("SBA") is a federal agency created and authorized pursuant to 15 U.S.C. §633 et seq.  SBA maintains its headquarters office in the District of Columbia at 409 3rd Street, SW, Washington DC, 20416.   Congress tasked the SBA with promulgation regulations to expeditiously administer the HAP program to any American business or business owner experiencing financial hardship with its COVID-19 EIDL loans.

2

9.      Defendant ISABEL CASILLA GUZMAN is the Administrator of the SBA ("the Administrator") a cabinet-level position. She is sued in her official capacity.

10.     The Administrator may be supped pursuant to 15 U.S.C. §634 (b) ("In the performance of, and with respect to, the function, powers, and duties vested in {her} by this chapter the Administrator may ... sue and be sued ... in any United States district court [.]").

11.     Defendant CARLA is an employee working in the SBA's HAP office. Carla is sued in her official capacity.

## JURISDICTION AND VENUE

12.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1361, and 2201.

13.     Additionally, this Court has jurisdiction to review agency action under 5 U.S.C. § 702, which provides, in part: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

14.     And pursuant to 15 U.S.C. § 634(b), jurisdiction is conferred upon any United States District Court to determine controversies against the Administrator of SBA.

15.     This Court has jurisdiction to grant injunctive relief pursuant to 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure.

16.     Venue is proper in the District of Columbia because Defendant SBA maintains its corporate headquarters in the District of Columbia.

## EXHAUSTION

17.     There are no available remedies for Plaintiff to exhaust.

## LEGAL BACKGROUND AND LEGAL STANDARDS

18.     To renew an Enrollment in the Hardship Accommodation Plan (HAP) for the COVID-19 EIDL loan, Plaintiff must complete a one-step process.

19.     First, an Enrollee may renew his or her HAP enrollment through the MySBA Loan portal. *See* **Exhibit 1**

20.     If the Enrollee is unable to renew through the MySBA Loan portal, then the Enrollee can either: **(1)** Send an email to the SBA' COVID-19 EIDL customer service (include Hardship Accommodation Plan in the email Subject Line) or **(2)** Send a message directly through the MySBA loan portal. *See* **Exhibit 1**

21.     Recognizing the sustained impact of the COVID-19 pandemic, Congress tasked the SBA with processing HAP requests to further assist small businesses facing financial hardship based on the following eligibility requirements:

a)  All loans in repayment, including past-due loans, are eligible. *See* **Exhibit 1**

b)  Enrollees whose loans are in default (i.e. more than 120 days late on a payment) are also eligible so long as the loan has <u>not</u> been sent to the U.S. Department of Treasury for extra collection steps. *See* **Exhibit 1**

22.     The U.S. Congress has made it clear that the intent of the statutory COVID-19 Hardship Accommodation Plan program is for the SBA to expeditiously process the hardship requests of America's businesses.

23.     The SBA has no discretion to delay processing properly submitted HAP requests. *See* **Exhibit 1**

## FACTUAL BACKGROUND

24.     Plaintiff's Covid-19 disaster loan is less than $200,000

25.     Plaintiff is an Enrollee in the HAP program. *See* **Exhibit 2**.     Plaintiff enrolled in the HAP program for the first time on May 6, 2023.

26.     Defendants' processing time for HAP Renewal Request is 5 to 7 business days.

27.     On **January 2, 2024**, Plaintiff submitted a proper HAP Renewal Request to the SBA to renew her hardship accommodation plan. *See* **Exhibit 3**

28.     On February 4, 2024, Plaintiff again submitted a second request to the SBA to renew her hardship accommodation plan. *See* **Exhibit 4**

29.     Along with each of the two Renewal Requests, Plaintiff informed the Defendants that Plaintiff is experiencing short-term financial challenges and is eligible to renew her HAP enrollment as a matter of law.

30.     Defendants are depriving Plaintiff of her opportunity to renew her HAP request and of her ability to begin or resume hardship accommodation while Plaintiff is facing financial hardship, by withholding processing of Plaintiff's HAP Renewal request.

### Terms of the Hardship Accommodation Plan

31.     Plaintiff's regular monthly payment is $731.00

32.     During the 1st six-month period of the HAP Enrollment, Plaintiff is required to make 10% of the regular payment, which is $73.10.   *See* **Exhibit 1**

33.     During the 2nd six-month period of the HAP Enrollment, Plaintiff is required to make 10% of the regular payment, which is $73.10. *See* **Exhibit 1**

34.     During the 3rd six-month period of the HAP Enrollment, Plaintiff is required to make 50% of the regular payment, which is $365.50

35.     During the 4th six-month period of the HAP Enrollment, Plaintiff is required to make 75% of the regular payment, which is $548.25

36.     During the HAP Enrollment period, Plaintiff can voluntarily make larger payments. *See* **Exhibit 1**

## Payments Made by Plaintiff to the SBA

37.     The Plaintiff's account is current.

38.     Details of payments made to the SBA from the period of January 1, 2024 through May 1, 2024 and the date the SBA received the payments are provided in **Exhibit 5.**

## 5 to 7 Business Days Benchmark for Processing HAP Renewal Request

39.     Defendants do not follow the 5 to 7 business days processing time for HAP Renewal Requests.

40.     Congress has expressed its expectation that the SBA process an HAP Renewal Request within 5 to 7 business days.  The HAP plan underscores "Congress's ongoing commitment to support small businesses as they continue to navigate the challenges posed by the pandemic economic aftermath."

## Prejudice and Harm to Health and Welfare Due to Delay

41.     Defendants' delay in processing Plaintiff's HAP Renewal Request has resulted in Plaintiff suffering financial hardship and frustrating any chance of future business expansion for Plaintiff to expand her business.

42.     Plaintiff is suffering from the uncertainty caused by Defendants' delay, and Plaintiff's HAP Renewal Request includes ample evidence of the hardship Plaintiff is facing financially, emotionally, and physically as a result of the delay.   Until the Defendants process the

Plaintiff's HAP Renewal Request, Plaintiff must continue to pay the full regular loan payments while Plaintiff is experiencing financial hardship and while Plaintiff is eligible for the HAP program.

43.     Defendants have delayed processing Plaintiff's HAP Renewal Request and as a result, Plaintiff can <u>not</u> obtain United States lawful hardship accommodation and the attendant benefits that the Hardship Accommodation Plan grants, including the economic stability and support that the hardship accommodation affords during the pandemic economic aftermath.

### **<u>Competing Priorities</u>**

44.     The SBA has a history of prioritizing small business support.  Since the SBA was established by Congress in 1953, the SBA's programs have addressed small business needs and provided support to small businesses in the economic recovery after a natural disaster.  *See* www.sba.gov

45.     Defendants have continued this tradition. "SBA works to ignite change and spark action so small businesses can confidently start, grow, expand or recover." www.sba.gov

46.      The delay in processing Plaintiff's HAP Renewal Request harms small business economic recovery after a natural disaster by leaving Plaintiff unable to move forward with her business life and business endeavors because Plaintiff is stuck in financial crisis and challenges, and Plaintiff sees processing times continue to climb for several months with no action taken on Plaintiff's long pending HAP Renewal Request.

47.     The SBA received Plaintiff's HAP Renewal Request on January 2, 2024, to process the Renewal Request, yet Plaintiff has not received any substantive correspondence outside of the generic receipt email that the SBA has received the Plaintiff's HAP Renewal Request.

48.     Small business economic recovery after a natural disaster is a compelling reason for requiring Defendants to process the HAP Renewal Request at issue within a reasonable time, which Plaintiff asserts is within 5 to 7 business days.

### Unreasonable Delay Does Not Require Impropriety

49.     The SBA is required to process the HAP Renewal Request submitted by Plaintiff within a reasonable time. ( i.e. 5 to 7 business days)

50.     The SBA delay here is unreasonable. Unreasonableness does not have to be the result of bad faith or other impropriety.

# FIRST CAUSE OF ACTION
## (APA Violation)
### Unreasonable Delay in Processing HAP Renewal Request

51.     Plaintiff re-alleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

52.     The APA provides for judicial review when a person is adversely affected by agency action. 5 U.S.C. § 702. Agency action includes an agency's failure to act. 5 U.S.C. § 551(13). A court "shall compel agency action . . . unreasonably delayed." 5 U.S.C. § 706(1).

53.     The Defendants have a duty to process Plaintiff's pending HAP Renewal Request. The SBA is required to process Renewal Request for all properly submitted HAP Requests.

54.     The APA requires that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The reviewing court's authority under the APA applies generally to agency action or inaction "except to the extent that . . . (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." *Id.* § 701(a)(1)-(2).

55.     Plaintiff is seeking a review of the SBA's failure to process the Renewal Request within a reasonable time.

56.     The Defendants' duty to process a HAP Renewal Request is a ministerial act that Enrollees request to renew their hardship accommodation plan and that the SBA must complete within a reasonable time. Congress set an appropriate MySBA loan portal for the submission of renewal requests based on statute. *See* **Exhibit 1**

57.     Defendants' delay in deciding Plaintiff's HAP Renewal Request impacts human and business health and welfare, not merely economic interests, as Plaintiff is denied the opportunity to obtain lawful hardship accommodation status in the United States COVID-19 recovery plan and to plan her personal and business financial future.   The delay leaves Plaintiff and her business in a state of uncertainty about whether Plaintiff will be able to ever receive hardship accommodations to recover from the aftermath of the pandemic as mandated by Congress.

58.     Small business economic recovery after a natural disaster, which Defendants recognize as a priority, is a compelling reason for requiring the SBA to process the HAP Renewal Request within the 5 to 7 business days' time frame that Congress identified.

59.     The SBA's failure to process the HAP Renewal Request within 5 to 7 business days after submission constitutes an unreasonable delay.

60.     Plaintiff has no alternative remedy available.

61.     Plaintiff has suffered irreparable harm from Defendants' delay in processing her HAP Renewal Request.

## SECOND CAUSE OF ACTION
### Unlawfully Withheld Agency Action
### (Defendants Failed to Carry out a Ministerial Duty)

62.    Plaintiff re-alleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

63.    The Administrative Procedure Act requires that a reviewing court "compel agency action unlawfully withheld or unreasonably delayed[.]"  5 U.S.C. § 706(1).

64.    Relief under § 706(1) "is like the mandamus remedy, 'empowering a court only to compel an agency to perform a ministerial or non-discretionary act or to take action upon a matter, without directing how it shall act." *Vill. of Bald Head Island v. U.S. Army Corps of Engineers*, 714 F.3d 186, 195 (4th Cir. 2013) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (cleaned up)).

65.    Congress directed the SBA to expeditiously process Renewal Requests under the hardship accommodation plan based on the considerations that Congress set out in the law.

66.    Congress did not delegate any discretion to SBA to delay processing HAP Renewal Request for reasons not contained in the HAP Act.

67.    The SBA's failure to process Plaintiff's Hardship Accommodation Renewal Request is an unlawfully withheld agency action.

68.    Plaintiff is entitled to relief under 5 U.S.C. § 706(1) by way of ordering the Defendants to perform the nondiscretionary act of processing Plaintiff's HAP Renewal Request according to the text of the Hardship Accommodation Plan Act.

## THIRD CAUSE OF ACTION
### Mandamus

### (The Individual Defendants Failed to Carry out a Ministerial Duty)

69.     Plaintiff re-alleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

70.     The "ancient remedy" of mandamus will apply in extraordinary circumstances "to compel the fulfillment of a duty which is ministerial, plainly and positively ascertained, and free of doubt." *Grice v. Colvin*, 97 F. Supp. 3d 684, 705 (D. Md. 2015) (citations omitted).

71.     A writ of mandamus is proper when three elements are present: "(1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Grice*, 97 F. Supp. 3d at 705 (citation omitted).

72.      The second element is satisfied when the defendant's official action is ministerial or nondiscretionary. "A ministerial duty, the performance of which may, in proper cases, be required of the head of a department, by judicial process, is one in respect to which nothing is left to discretion. It is a simple, definite duty, arising under the conditions admitted or proved to exist, and imposed by law." *City of Columbus v. Trump*, No. CV-18-2364-DKC, 2020 WL 1820074, at *22 (D. Md. Apr. 10, 2020) (quoting *Mississippi v. Johnson*, 71 U.S. 475, 498 (1866)).

73.     One such ministerial duty is the processing of Plaintiff's HAP Renewal Request as directed by Congress.

74.     The equitable writ of mandamus is appropriate in the extraordinary circumstance because Congress directed the SBA to process HAP Renewal Requests based on the nondiscretionary criteria set forth in the Hardship Accommodation Plan Act.  The Plaintiff meets that criteria and is entitled to have her HAP Renewal Request processed.  Plaintiff is experiencing

financial hardship and has requested the SBA to renew her hardship accommodation plan. There is no adequate remedy at law by which Plaintiff can compel the Defendants to carry out their statutorily imposed ministerial duty.

75.    The Plaintiff is entitled to mandamus relief ordering the Defendants to process the Plaintiff's hardship accommodation renewal request as required by the plain terms of the Hardship Accommodation Plan Act set by Congress.

## FOURTH CAUSE OF ACTION
### (Injunctive Relief)

76.    The Defendants' unreasonable delay in processing the Plaintiff's Hardship Accommodation Renewal Request is a violation of the APA and is a transparent plot to disrupt the Plaintiff's relations with the United States of America.

77.    Plaintiff demands that the Court enjoin Defendants, their agents, servants, employees, attorneys, assigns, subsidiaries, and all persons, firms, and corporations acting in concert with them, from directly or indirectly delaying the processing of Plaintiff's Hardship Accommodation Renewal Request, and from participating or assisting in any such activity whether or not it occurs in the United States.[1]

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court grant the following relief:

(a)    Take jurisdiction over this matter;

(b)    Declare that Defendant has violated the Administrative Procedure Act by unreasonably delaying the processing of the HAP Renewal Request of Plaintiff;

---

[1] Plaintiff is an international businesswoman who does business in and out the United States.

(c)     Enter an order to Defendant compelling the SBA to process the Plaintiff's pending HAP Renewal Request win in 7 business days;

(d)     Writs of mandamus ordering the individual Defendants to fulfill their duties to process Plaintiff's HAP Renewal Request;

(e)     Award Plaintiff's reasonable court fees and litigation costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and

(f)     Enter and issue other relief that this Court deems just and proper.

Respectfully Submitted,

DEE MONBO, Plaintiff
10451 Mill Run Circle, #400
Owings Mill, MD 21117