UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )
|---|---|
| **DEE MONBO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 24-cv-1872 (APM) |
| | ) |
| **SMALL BUSINESS ADMINISTRATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM OPINION**

Plaintiff Dee Monbo filed this action under the Administrative Procedure Act and the Mandamus Act to compel Defendant Small Business Administration ("SBA")[1] to adjudicate an application for renewed participation in the Hardship Accommodation Plan, an SBA program that temporarily reduces the monthly loan payment for COVID-19 Disaster Loan recipients.  Compl., ECF No. 1 [hereinafter Compl.].  Plaintiff now seeks an injunction directing the SBA to act on the application.  Pl.'s Mem. in Supp. of Pl.'s Emergency Mot. for TRO and Prelim. Inj., ECF No. 17 [hereinafter Pl.'s Mot.].  Defendants simultaneously oppose injunctive relief and move to dismiss Plaintiff's complaint, both for lack of subject matter jurisdiction and for failure to state a claim.  Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss Pl.'s Compl. and Opp'n to Pl.'s Mot., ECF No. 19-1 [hereinafter Defs.' Mot.].  The court grants Defendants' Motion to Dismiss and denies Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction because Plaintiff has not carried her burden of establishing jurisdiction.  *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905,

---

[1] Plaintiff also named as Defendants Isabel Casillas Guzman, the SBA Administrator, and Carla Schwille, an SBA employee.  Compl. ¶¶ 9, 11.

913 (D.C. Cir. 2015) (motion for preliminary injunction); *Knapp Med. Ctr. v. Hargan*, 875 F.3d 1125, 1128 (D.C. Cir. 2017) (motion to dismiss).

The jurisdictional defect here is obvious: It is Plaintiff's company, not Plaintiff herself, that received a COVID-19 Disaster Loan, enrolled in the Hardship Accommodation Plan, and seeks to renew its participation in that program. Defs.' Mot., Ex. 1, ECF No. 19-3, ¶¶ 6–8; Pl.'s Resp. to Defs.' Mot., ECF No. 24 [hereinafter Pl.'s Resp.], at 1; *see also United States v. Emor*, 785 F.3d 671, 677 (D.C. Cir. 2015) ("A district court deciding a motion to dismiss on jurisdictional grounds, such as standing, may consider evidence outside the complaint."). But Plaintiff's company is not a party to this case. And it is well-established that, subject to limited exceptions, a shareholder may not bring suit in her individual capacity on a claim that belongs to the company. *Am. Airways Charters, Inc. v. Regan*, 746 F.2d 865, 873 n.14 (D.C. Cir. 1984); *Kay v. FCC*, 621 F. App'x 5 (D.C. Cir. 2015).

Plaintiff therefore lacks standing unless she asserts a claim that is "separate and distinct" from the company's. *Gilardi v. U.S. Dep't of Health & Hum. Servs.*, 733 F.3d 1208, 1216 (D.C. Cir. 2013), *vacated and remanded on other grounds*, 573 U.S. 956 (2014); *accord Schum v. FCC*, 617 F. App'x 5, 6 (D.C. Cir. 2015) (applying the shareholder-standing rule where the petitioner's alleged injuries were "not personal, but merely derivative of harm suffered by the company").[2] She has not done so. All of the claims raised in her complaint arise from the SBA's failure to process the company's Hardship Accommodation Plan application. *See* Compl. at 8–13. And although Plaintiff states she "is liable for all loan and non-loan agreements entered into by [the

---

[2] There is some debate over whether the shareholder-standing rule should be analyzed as a matter of prudential standing or Article III standing. *See Cherry v. FCC*, 641 F.3d 494, 497 (D.C. Cir. 2011); *Heyer v. Schwartz & Assocs. PLLC*, 319 F. Supp. 3d 299, 304–05 (D.D.C. 2018). This distinction, however, is functionally irrelevant in this case, for the D.C. Circuit treats prudential standing as a jurisdictional issue. *Ass'n of Battery Recyclers, Inc. v. EPA*, 716 F.3d 667, 674 (D.C. Cir. 2013).

company]," Pl.'s Resp. at 1, personally guaranteeing a company's debt obligations does not overcome the shareholder-standing rule, *see Labovitz v. Washington Times Corp.*, 172 F.3d 897, 901–04 (D.C. Cir. 1999).

Accordingly, the court denies Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 17, and grants Defendants' Motion to Dismiss, ECF No. 19, for want of subject matter jurisdiction. A final, appealable order accompanies this Memorandum Opinion.

Dated: December 10, 2024

Amit P. Mehta
United States District Judge